EASTERN DIS.
June, 1834.
———
MIRANDA
vs.
CITY BANK OF
NEW-ORLEANS.

---

## MIRANDA vs. CITY BANK OF NEW-ORLEANS.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

A bank or other agent, undertaking to collect a note or bill endorsed is bound to use the same diligence, in giving notice of protest and demand of payment of the drawer to the endorser as the holder, and is liable to the holder on failure.

The bank is responsible for the acts of the notary, in not giving due notice of protest to the endorser; and the *onus* rests upon it as agent, to show that no damage resulted from such neglect, in order to be relieved from its liability.

EASTERN DIS.
*June*, 1834.

MIRANDA
*vs.*
CITY BANK OF
NEW-ORLEANS.

Where a bank or agent receives a note or bill for collection, and fails to give notice, and on suit being brought against the endorser, he is exonerated for want of notice of protest, the bank cannot excuse itself on the ground that it was not made a party to the suit, unless it can show that sufficient legal notice was given to the endorser.

Notice to an endorser residing in New-Orleans, put in the post office, without showing the notary was ignorant of his domicil, or used due diligence to find it, is insufficient to bind the endorser.

The proceedings of the creditors of the drawer of a note, at which the endorser attended in relation to his endorsement, are not admissible in evidence by the bank in a suit by the holder of the note against it, for failing to give notice to the endorser by which he was released, to show he has been indemnified, especially when this matter is not pleaded, and because it is between persons not parties to the present suit.

Where the defendant pleads a general denial, and that he was not party to a suit by which the endorser was released for want of notice, he cannot offer evidence, to show the endorser has been secured against his endorsement.

It is not to be presumed that the endorser intended to make himself unconditionally liable and waive a demand on the drawer, and protest and notice to himself, because he attended a meeting of the creditors of the drawer, to be secured against his endorsement.

This is an action by the holder of a promissory note againt the City Bank of New-Orleans, to render it liable for the amount thereof, on the ground of negligence and failure to give legal notice of demand and protest to the endorser, by which he was released. The plaintiff put into the bank for collection a note drawn by Fuentes & Co., and endorsed by Felix Formento, for fifteen hundred and ninety dollars. The notary to whom the note was handed by the bank to be protested, states in his protest "that he made diligent inquiry

EASTERN DIS.
June, 1834.
———————
MIRANDA
vs.
;ITY BANK OF
NEW-ORLEANS.

for the drawers of said note, in order to demand payment thereof, but could not find them or any one who could inform him where they were to be found;" and in his certificate he states he notified the *parties* to the note by addressing "letters to them respectively on the day of protest in the following manner," viz: by delivering a letter in person to Miranda, (the nominal endorser) "and by depositing the one for Felix Formento in the post office in this city addressed to him, not being able to find him."

The plaintiff instituted suit in the Parish Court against the endorser, who was exonerated on the ground, that the demand, protest and notice to him was insufficient. Without appealing from that judgment, the holder of the note instituted the present suit against the bank. He prays judgment for the amount of the note with interest and costs in both suits. The cause, at the instance of the counsel for the bank, was submitted to a special jury, who returned a verdict for the plaintiff ; and judgment being rendered thereon, the bank appealed.

*Cannon*, for the plaintiff, urged the affirmance of the verdict and judgment, because they were rendered in accordance with the law and the evidence of the case, and cited *Chitty on Bills, Verbo presentement and protest of bills and notes.* 7 *Martin* 364.

*De Armas*, for the defendant, contended that the certificate of the notary public ought to be considered as evidence in favor of the bank. *Vide Acts, March* 13, 1827, *sec.* 1.

2. The judgment should be reversed and in favor of the bank, because Formento by appearing as a creditor of Fuentes & Co., on account of this endorsement, and voting for himself as syndic, bound himself to pay this note.

3. The defendants ought to have been made parties in the suit against the endorser, in order to have had an opportunity of making a defence thereto.

BULLARD, J. delivered the opinion of the court.

EASTERN DIS.
June, 1834.

MIRANDA
*vs.*
CITY BANK OF
NEW-ORLEANS.

The plaintiff represents that he placed in the City Bank for collection, and that the bank undertook to collect for him, a promissory note drawn by Fuentes & Co., and endorsed by Felix Formento, all of New-Orleans. That when the note fell due the notary employed by the bank did not present the same to the drawers for payment, though all the members of the firm of Fuentes & Co. were residing in New-Orleans; and that he did not give legal notice to the endorser of its non-payment, by reason whereof the endorser was released from his liability by judgment of the Parish Court. He further alleges that the drawers have become insolvent, and he prays judgment against the bank for the amount of the note with interest since it fell due and the costs of the previous suit against Formento the endorser.

The defendants deny all the allegations which tend to render them liable for the amount of the note. They further say, that if they were even liable to the plaintiff, he has lost his recourse on them, inasmuch as they were not notified of the suit against Formento; that they would have been able to prove on the trial of that cause that Formento had been duly notified of the protest; that shortly after the protest the said endorser acknowledged and confessed that Fuentes & Co., were indebted to him in a certain sum in which was included the amount of the protested note, and for trial of these facts they pray a jury. Accordingly the case was submitted to a jury whose verdict was in favor of the plaintiff, and a motion for a new trial having been made and overruled, judgment was rendered accordingly, and the defendant apppealed.

The principles upon which this case must be decided were recognised and settled by this court many years since in the case of *Crawford* vs. *the Louisiana State Bank*, and of *Montillet* vs. *the Bank of the United States.* 1 *N. S.* 214, 365. It was held, that an agent, who receives a bill for collection is bound to use the same diligence in giving notice as the holder; that the bank was responsible for the acts of the notary, and that the *onus* was on the agent to show that the

A bank or other agent undertaking to collect a note or bill endorsed, is bound to use the same diligence in giving notice of protest and demand of payment of the drawer to the endorser as the holder, and is liable to the holder on failure.

Eastern Dis.
June, 1834.

MIRANDA
vs.
CITY BANK OF
NEW-ORLEANS.

The bank is responsible for the acts of the notary in not giving due notice of protest to the endorser; and the *onus* rests upon it, as agent, to show that no damage resulted from *such neglect* in order to be relieved from its liability.

Where a bank or agent receives a note or bill for collection and fails to give notice and on suit being brought against the endorser, he is exonerated for want of notice of protest, the bank cannot excuse itself on the ground that it was not made a party to the suit, unless it can show that sufficient legal notice was given to the endorser.

Notice to an endorser residing in New-Orleans, put in the post office, without showing the notary was ignorant of his domicil or used due diligence to find it, is insufficient to bind the endorser.

holder of the bill sustained no damage by the neglect of the agent to make a proper demand, and to give due notice to the other parties to the bill.

The record in the case of the present plaintiff against Formento, the endorser, was read in evidence without objection. It proves that the endorsers had been exonerated because no legal demand had been made on the drawers; and that regular and due notice was not given to the endorsers. But it is contended that the plaintiff ought to have made the bank a party to that suit, and not having done so, he has lost his recourse on them. We cannot yield our assent to that proposition. Even if the bank were to be considered as bound only by personal warranty towards the plaintiff, his recourse on his warranty would not be lost unless the warrantor shows that he could have enabled the plaintiff to recover against the endorser if made a party. But this is not a mere case of personal warranty. The bank undertook to take such steps in relation to the note as to enable the holder to enforce payment according to its tenor, and not upon any subsequent act or undertaking of the parties. It may be said that the judgment in favor of Formento is not conclusive as to the bank, but it only follows that the bank might in this case have shown that in point of fact sufficient legal notice was given to the endorsers. This they have failed to do. The certificate of the notary as to the notice to Formento is in these words; "by depositing the one (letter) for Felix Formento in the post office in this city, addressed to him, not being able to find him." It does not appear that the notary was ignorant of the domicil of the endorser, and that he used due diligence to find it. It appeared in the case against Formento, that no inquiry was made of any of the other parties to the note, and the present plaintiff as nominal endorser to the bank received personal notice of the protest. It appeared in evidence that both the President of the bank and the Cashier, knew the domicil of the drawer Fuentes and Co. By inquiring of them the notary might have made a legal demand of the drawers at their domicil. This was not done.

EASTERN DIS.
June, 1834.

The proceedings of the creditors of the drawer of a note, at which the endorser attended in relation to his endorsment, are not admissible in evidence by the bank in a suit by the holder of the note against it for failing to give notice to the endorser by which he was released, to show he has been indemnified, especially when this matter is not pleaded and because it is between persons not parties to the present suit. When the defendant pleads a general denial and that he was not party to a suit by which the endorser was released for want of notice, he cannot offer evidence to show the endorser has been secured against this endorsement. It is not to be presumed that the endorser intended to make himself unconditionally liable and waive a demand on the drawer and protest and notice to himself because he attended a meeting of the creditors of the drawer to be secured against his endorsement.

In the progress of the trial the defendants offered in evidence the deliberations of the creditors of Fuentes & Co., in order to show that Formento had appeared at the meeting and assumed the quality of creditor for a large sum in which this note was included. This evidence was rejected by the court on the grounds, 1st: That the deliberations were had between persons not parties to this suit. 2d: That the proof would be inconsistent with the defence set up in this case; and 3d: That even were the proof admisible it would be irrelavent, as notice of protest is not to be inferred, but must be formally proved. A bill of exceptions was taken to this opinion of the court. We think the court did not err. The defence set up in this case rests on two grounds; 1st, a denial of the allegations in the petition, tending to charge the bank: And 2d, that the bank is released because the plaintiff proceeded against Formento without making them a party. But it is in evidence that the meeting of the creditors of Fuentes & Co., took place before the protest of the note in question; and it is not to be presumed that Formento intended to make himself unconditionally liable for the amount of the note endorsed by him or to waive a demand on the drawer and regular notice as endorser.

Upon the whole we cannot distinguish this case from that of *Montillet* vs. *the Bank of the United States*, above referred to.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court, be affirmed with costs.