SHANNON
v.
SHANNON.

No mention is made of any declaration on the part of the testator; but it is contended that this is supplied by the affixing of the mark.

Our article requires an express mention of the testator's declaration; and, although for this purpose, there be no sacramental terms or expressions, it is obvious that this cannot be reached by implication. The declaration might be inferred from the fact that the testator affixed his mark, but what becomes of the express mention required by the Code?

The will of *J. C. Shannon*, deceased, is, therefore, null and void.

Judgment affirmed.

---

## M. B. MILLER *v.* WM. WHITFIELD.

The general denial admits the signature of the party sued as endorser of a promissory note, but leaves open every other legal defence.

An endorser residing in the city where the note was protested, is entitled to notice of protest in person at his domicil; and where there is nothing to show that such domicil might not have been found on diligent enquiry, a note addressed to the endorser through the Post Office is insufficient.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J.

*J. B. Cotton*, for plaintiff. *G. L. Bright*, for defendant and appellant.

MERRICK, C. J. This suit is against the defendant as endorser of a promissory note. The answer is in these words:

"The defendant pleads the general denial and want of amicable demand, and prays to be dismissed, with costs."

" He prays for general relief." Signed, &c.

The judgment of the lower court was for plaintiff, and defendant appeals, and contests the plaintiff's right to recover, on the ground of the want of notice of protest.

Plaintiff contends, that the defendant cannot make this issue, for he has limited his defence to the question of proof of signature and the want of amicable demand.

In the case of *Hughes* v. *Harrison* and wife, 8 N. S. 300, 301, it was held that the general denial admitted the signature, and left open every other legal defence. See also 14 La. 361, 19 La. 86 and 88.

The note was dated New Orleans, and was payable at the Savings Bank. The Notary Public, charged with making protest, demanded payment at two different Savings Banks in this city—one at the corner of Camp and Lafayette streets, the other at the corner of Camp street and Exchange Place.

He *protested* the note, but made no certificate of the manner in which the notice of protest was served, as required by statute, but was examined on the stand as a witness. He says, referring to his invariable habit, and without any distinct recollection of the fact, that he put a notice of protest in the Post Office of Lafayette, directed to New Orleans.

The notary states he did not know the defendant; but it does not appear that he made any inquiry to find his residence or place of business.

It is shown that the defendant, during the last ten or twelve years, has resided in the city, and that he lives on his own property, and carries on a large blacksmith and wheelwright establishment on St. Joseph street, between Foucher and Magazine streets.

It is clear that the evidence is insufficient to charge the defendant as

endorser. As the notary resided in the same city with the endorser, he could not resort to another Post Office and address a notice to the endorser in this city. The defendant was entitled to notice of protest on him in person, or at his domicil, there being nothing to show that such domicil might not have been found on diligent inquiry. See *Heiss* v. *Corcoran & Co.*, 15 An. 694; 6 La. 744.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed; and it is now here ordered, adjudged and decreed, that there be judgment in favor of the defendant, with costs, in both courts.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## MRS. FELIX LEBLANC *v.* L. F. BOUCHEREAU.

Incapacitated persons, when seeking to be relieved from the effects of engagements contracted by them *in fraudem legis* are entitled to show the real nature of the transaction, and persons so incapacitated are not bound to produce a counter-letter, but may use parol evidence to invalidate the contract.

Where a contract was made, purporting to be a sale of a slave by a married woman, and it appeared that she retained possession of the slave for some time after the sale ;—that the price was inadequate; that the sale was redeemable ; that the very instrument itself showed that the price was not paid in presence of the notary or of the witnesses, although the stipulation was for a cash sale, and lastly, that the so-called vendee was the creditor of her husband—*Held* : That this was not in reality, any contract of sale between the parties. Redeemable sales unaccompanied by delivery of the thing sold, of which the considerations are inadequate, courts are bound to consider, without sufficient evidence to the contrary as contracts for which the thing nominally sold stands as security and nothing else.

In such a case as that just mentioned the married woman would be entitled to the value of the services of her slave from the moment that she afterwards became dispossessed by her nominal vendee.

APPEAL from the Second District Court of New Orleans, *Howell, J.*, presiding. *Johnston & Denis*, for plaintiff and appellant. *Castera & Biron*, for defendant.

VOORHIES, J. The object of this suit on the part of the plaintiff, who is a married woman, is to obtain the cancellation of the sale of a slave, made by her to the defendant, a creditor of her husband. The ground assigned is that this was in reality a contract of suretyship prohibited by law, although it is clothed with the forms of a contract of sale, with right of redemption.

The defendant contends that, this being a case of simulation as between the parties, the plaintiff is not entitled to introduce parol evidence to invalidate the authentic instrument of transfer ; and that she must either produce a counter-letter or probe the conscience of her adversary.

It is to be remarked that this is not an action to annul a simulated conveyance ; but one to declare invalid a contract, in appearance legal and binding, but covering a violation of a prohibitory law. It is well settled that incapacitated persons, when seeking to be relieved from the effects of engagements, contracted by them in *fraudem legis*, are entitled to show the real nature of the transaction. "It is not," said the court, "a good answer to say that persons so incapacitated should take a counter-letter ; for, to admit this argument, would be to make them the victims of the weakness, which induced the law to throw its shield over them."—(*Thibodeau* v. *Herpin*, 5 A. 580, and authorities there quoted.)

The facts, from which the plaintiff endeavors to prove that the contract of sale was in reality one of suretyship for the debt of her husband, are the following, to wit: That she retained possession of the slave some